## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| THE TUCKER FIRM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:11-cv-1089 |
| | ) | |
| KIMBERLY ALISE | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, The Tucker Firm, LLC, and presents its Complaint against the Defendant Kimberly Alise as follows:

### Nature of Action

1.     This action arises from the Defendant Kimberly Alise's unjustified conduct of reaping at least $2 million in benefits from legal services provided to the Defendant by the Plaintiff The Tucker Firm, LLC and failing to pay $889,882.76 of the cost of the legal services.

### Jurisdiction and Venue

2.     The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3.     Diversity of citizenship exists between the Plaintiff and the Defendant because they are citizens of different states for diversity purposes.

4.     The Plaintiff is a limited liability company that is a citizen of Illinois because all of its members are individuals who reside in Chicago, Illinois.

5.      The Defendant is a citizen of California because she is an individual who resides in
California.

6.      The amount in controversy in this action exceeds the jurisdictional amount of $75,000
because the Plaintiff is seeking damages in the Plaintiff's breach of contract claim alone
in the amount of $889,882.76 for the unpaid legal fees.

7.      Venue is properly laid in this district under 28 U.S.C. § 1391(a)(2) because a substantial
part of the events giving rise to the Plaintiff's claims occurred in this district given that
the Defendant retained the Plaintiff to perform the legal services for the Defendant in this
district.

### Parties

8.      The Plaintiff is a law firm located in Chicago, Illinois that provides legal services to
clients.

9.      Ms. Debra J. Tucker is the principal attorney of the Plaintiff, and all of the
communications and conduct of Ms. Tucker alleged herein were undertaken by her as an
authorized agent of the Plaintiff.

10.     The Defendant is an individual who had become involved in numerous complicated
disputes with an individual named Dr. Seth Guterman ("Guterman").

11.     These disputes arose from Guterman's conduct of shutting the Plaintiff out of a business
that the Plaintiff and Guterman had co-founded, called Emergency Care Dictation
Services, Inc. ("ECDS").

12.     These disputes also arose from Guterman's contention that the Plaintiff did not have any
marital rights against Guterman because, according to Guterman, the Plaintiff and

Guterman were not legally married, even though the Plaintiff and Guterman had exchanged marriage vows in three separate wedding ceremonies.

### Formation of the Retention Agreement

13. In early May, 2009, the Defendant phoned Ms. Tucker at The Tucker Firm, LLC's offices in Chicago, Illinois and requested that the Plaintiff provide legal services to the Defendant with respect to the Defendant's disputes with Guterman.

14. Ms. Tucker offered for the Plaintiff to provide such services to the Defendant at the Plaintiff's standard hourly rates, the dollar amounts of which Ms. Tucker quoted to the Defendant, plus related expenses to be paid by the Defendant and with an initial retainer of $15,000.

15. The Defendant accepted Ms. Tucker's offer by informing Ms. Tucker that the Defendant agreed to these terms of the retention.

16. As a result, a contract was formed between the Plaintiff and the Defendant.

17. The Plaintiff and the Defendant subsequently memorialized their oral agreement in writing by executing a written retention agreement on September 25, 2009, which by its terms was effective beginning as of May 5, 2009.

### Legal Services Provided by the Plaintiff

18. For more than one year beginning in May 2009, the Plaintiff competently provided the agreed-upon legal services to the Defendant pertaining to the Defendant's disputes with Guterman.

19. These services included, among many other things, advocating the Defendant's rights with respect to ECDS arising from the Defendant's co-founding of the business and the Plaintiff's rights to many other assets.

3

20.     The Plaintiff also provided services to the Defendant to prosecute three employment
        discrimination claims filed by the Defendant as a result of Guterman's termination of the
        Defendant's employment with ECDS when the Defendant was pregnant.

21.     These discrimination claims were filed on October 28, 2009 against ECDS with the
        United States Equal Employment Opportunity Commission, the State of Illinois
        Department of Human Rights, and the City of Chicago Commission on Human Relations.

22.     The Plaintiff also provided services to the Defendant in an action for dissolution of
        marriage that the Defendant had previously filed against Guterman in the Circuit Court of
        Cook County, Illinois on May 26, 2009, initially using the services of another law firm,
        to claim rights against Guterman arising from the Defendant's claimed marriages to
        Guterman.

23.     The Plaintiff's services with respect to the Defendant's marital claims were particularly
        extensive, involving services to proceed through pre-trial briefing, discovery, a full trial
        on the merits, and the filing of an appeal.

24.     The Plaintiff also provided services to defend the Defendant against claims that were
        filed by Guterman against the Defendant on March 12, 2010 in the Circuit Court of Cook
        County, Illinois in which Guterman sought a declaratory judgment nullifying the
        Defendant's claimed rights in ECDS.

25.     In each of the matters in which the Plaintiff represented the Defendant, the Plaintiff
        performed all of its obligations to the Defendant.

### Defendant's Unjustified Failure to Pay

26.     As a result of the Plaintiff's services, the Defendant obtained at least $2 million in
        benefits.

4

27.     For example, the Defendant greatly benefited from court orders that the Defendant
        obtained that required Guterman to continue to pay the Plaintiff's $225,000 annual salary
        and to provide health insurance for the Plaintiff and her children to cover over $800,000
        in medical expenses that they had incurred.

28.     As a result of the Plaintiff's services, the Defendant also received the benefit of a
        settlement of the disputes with Guterman that was reached in the summer of 2010, which
        upon information and belief provided benefits to the Defendant in excess of $1 million.

29.     Despite receiving these substantial benefits from the Plaintiff's services and being
        contractually obligated to pay the Plaintiff, the Defendant has failed to pay the
        $889,882.76 that remains due and owing from the Defendant for the Plaintiff's legal
        services and expenses.

30.     The Plaintiff has made several demands of the Defendant to collect the money owing to
        it, but the Defendant has wrongfully and without justification refused to pay.

31.     Moreover, the Defendant has purposely taken measures to delay and hinder the Plaintiff
        from collecting for its legal services from the Defendant.

32.     For example, the Defendant negotiated the settlement secretly with Guterman and
        prevented the Plaintiff from learning of the terms of the settlement in order to delay and
        hinder the Plaintiff in taking action to collect from the Defendant.

33.     The Defendant also purposely structured the terms of the settlement so that the payments
        due from Guterman from the settlement would be paid to third parties to whom the
        Defendant was, or would become, indebted, instead of being paid directly to the
        Defendant.

34.     The Defendant diverted Guterman's settlement payments to third parties so that the
Defendant could obtain the benefit of Guterman's settlement payments, but thwart the
Plaintiff's efforts to levy on assets of the Defendant to collect for the Plaintiff's legal
services.

## Count I
## Breach of Contract

35.     The Plaintiff incorporates each of the allegations contained in Paragraphs 1 to 34 of its
Complaint as if fully stated in their entirety herein.

36.     The Defendant and the Plaintiff formed a contract whereby the Plaintiff agreed to provide
legal services to the Defendant and the Defendant agreed to pay for these legal services at
stated hourly rates and to pay for related expenses.

37.     The Plaintiff performed all of its obligations owed to the Defendant pursuant to the
contract.

38.     The Defendant has breached the contract with the Plaintiff by failing to pay $889,882.76
that is due and owing from the Defendant for the Plaintiff's legal services and related
expenses.

39.     The Plaintiff has suffered $889,882.76 in damages as a result of the Defendant's breach.


        WHEREFORE the Plaintiff prays for judgment in its favor and against the Defendant on
Count I of its Complaint as follows:

    a.  Awarding the Plaintiff compensatory damages in the amount of $889,882.76;

    b.  Awarding the Plaintiff pre-judgment interest pursuant to the terms of the contract
        between the Plaintiff and the Defendant in the amount of eight percent per annum on

the unpaid balance owed by the Defendant from the date of each invoice until a

judgment is entered;

c.   Awarding the Plaintiff post-judgment interest pursuant to 28 U.S.C.A. § 1961(a); and

d.   Awarding the Plaintiff all such other and further relief as the Court deems just and

proper.

**Count II**
**Quantum Meruit**
**(pleaded in the alternative to Count I)**

40.   The Plaintiff incorporates each of the allegations contained in Paragraphs 1 to 34 of its

Complaint as if fully stated in their entirety herein.

41.   The Plaintiff provided legal services to the Defendant and paid expenses relating thereto,

and the Defendant accepted these services and the benefit of the expenses paid.

42.   The legal services performed and the expenses incurred by the Plaintiff for the Defendant

were not provided gratuitously.

43.   The Plaintiff expected to be paid by the Defendant for the Plaintiff's services and the

related expenses.

44.   The Plaintiff's services and related expenses had intrinsic and monetary value to the

Defendant because they enabled the Defendant to obtain at least $2 million in benefits.

45.   It would be unjust for the Defendant to retain the value of the Plaintiff's services and

related expenses without compensating the Plaintiff for the services and related expenses.


WHEREFORE the Plaintiff prays for judgment in its favor and against the Defendant on

Count II of its Complaint as follows:

    a.   Awarding the Plaintiff the value of the Plaintiff's services and related expenses, to be determined at trial;

    b.   Awarding the Plaintiff post-judgment interest pursuant to 28 U.S.C.A. § 1961(a); and

    c.   Awarding the Plaintiff its attorneys' fees, court costs, and expenses incurred in this action and all such other and further relief as the Court deems just and equitable.

### Count III
### Unjust Enrichment
### (pleaded in alternative to Count I)

46.    The Plaintiff incorporates each of the allegations contained in Paragraphs 1 to 34 and 41 to 45 of its Complaint as if fully stated in their entirety herein.

47.    The Plaintiff performed legal services and incurred related expenses for the Defendant that conferred benefits on the Defendant in an amount of at least $2 million.

48.    It would be unjust for the Defendant to retain the benefits she received from the Plaintiff's services and the related expenses without compensating the Plaintiff.

WHEREFORE the Plaintiff prays for judgment in its favor and against the Defendant on Count III of its Complaint as follows:

    a.   Awarding the Plaintiff the amount that the Defendant benefited from the Plaintiff's services and related expenses, to be determined at trial;

    b.   Awarding the Plaintiff post-judgment interest pursuant to 28 U.S.C.A. § 1961(a); and

    c.   Awarding the Plaintiff its attorneys' fees, court costs, and expenses incurred in this action and all such other and further relief as the Court deems just and equitable.

Dated: February 16, 2011                                    Respectfully submitted,

                                                            One of the attorneys for the
                                                            Plaintiff The Tucker Firm, LLC

                                                            Debra J. Tucker
                                                            dtucker@thetuckerfirm.com

                                                            THE TUCKER FIRM, LLC
                                                            1723 N. Halsted Street
                                                            Chicago, Illinois 60614
                                                            Phone (312) 202-0222
                                                            Facsimile (312) 202-0444