# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1089 | **DATE** | 6/25/2013 |
| **CASE TITLE** | The Tucker Firm, LLC vs. Alise | | |

**DOCKET ENTRY TEXT**

Defendant's Motion for Protective Order as to the deposition of Bonnie Blaase [265] is denied. See Statement for further details.

■[ For further details see Statement below.]   Notices mailed by Judicial staff.

## STATEMENT

This matter is before the Court on Defendant's Motion for Protective Order [Dkt.#265] to bar the deposition of Defendant's mother, Bonnie Blaase, who lives in Maryland. Defendant argues that Ms. Blaase does not have relevant, discoverable information, that Plaintiff's sole purpose in seeking to depose Defendant's mother is to embarrass, harass and annoy her and Defendant Alise, and that Ms. Blaase's deposition would work a hardship on her for certain personal reasons as described in a letter from her physician. For the reasons discussed below, the Motion is denied.

Defendant has failed to meet her burden of showing that Ms. Blaase does not have, or potentially have, information that is relevant or likely to lead to the discovery of admissible evidence in this case. Fed.R.Civ.P. 26(b)((1). In addition, Plaintiff has articulated reasons for taking Ms. Blaase's deposition that rebut Defendant's accusation that Plaintiff's desire to depose her is motivated solely by impermissible purposes. According to Plaintiff, Defendant lived with Ms. Blaase during some portion of the time that Plaintiff represented Defendant in messy business and personal litigation with Dr. Seth Guterman. The legal fees that Plaintiff is trying to collect from Defendant in this case arise from that litigation, and Defendant's counterclaim against Plaintiff alleges that Plaintiff negligently represented Defendant in that litigation. Plaintiff contends that Ms. Blaase communicated with both Plaintiff and Defendant during the time that litigation was proceeding, communicated with Defendant's adversary, Dr. Guterman, about the settlement of that litigation, and likely communicated with Defendant about the matters in dispute in that case while they were living together. Plaintiff also points to the fact that Defendant identified Ms. Blaase as a potential witness on certain of her claims against Dr. Guterman and his affiliated entities in that underlying litigation, claims that Defendant now contends were ill-conceived and should not have been filed.

Defendant's counterclaim alleges that Plaintiff grossly mishandled her representation of Defendant in connection with the litigation and dispute with Dr. Guterman. Plaintiff, as counter-defendant, maintains, among other things, that Defendant was integrally involved in the decisions that were made during that litigation and either directed Plaintiff to do, or agreed that Plaintiff should do, some of the very things that Defendant now contends were unnecessary, imprudent or wrong-headed in the course of that litigation. It is not unreasonable to believe that Ms. Blaase may have information that would be relevant to Defendant's

**STATEMENT**

counterclaim and Plaintiff's defense of that claim. The soundness of allegations that Plaintiff made and positions she took on Defendant's behalf in the underlying litigation are relevant subjects at least during discovery in this case. Indeed, these are subjects that have been put in issue by Defendant with her counterclaim. The settlement of that underlying litigation also is relevant to the instant litigation. Plaintiff has shown that the deponent may have knowledge concerning all of these subjects.

Finally, the physician's note Defendant submitted under seal as Exhibit 8 to her Motion [Dkt.#265-8] does not establish that any hardship on Ms. Blaase from having to sit for a deposition outweighs the potential relevance of and need for her testimony in this case. The physician who submitted the note practices in Chicago and Ms. Blaase "presently resides in Maryland" according to Defendant [Dkt.#265 at 1]. It is, therefore, unclear how much current or regular contact the physician has with Ms. Blaase; his note does not say. Moreover, the bulk of what the physician has to say, without going into detail, is devoted to his view whether Ms. Blaase's testimony would be helpful or reliable in this case. That, however, is more of an issue for a trier of fact than for a medical professional, particularly before any testimony has been elicited and its veracity can be tested. In addition, as noted above, Defendant herself listed her mother as a possible witness in the underlying litigation during a time that, according to the physician in his note, she also was under his care. If Ms. Blaase potentially could be a credible witness for Defendant in the underlying litigation, then she can be a witness for Plaintiff in this case.

Accordingly, for all of these reasons, Defendant's Motion for Protective Order [Dkt.#265] is denied as to Ms. Blaase's deposition. The motion hearing set for 6/27/13 is stricken. It is so ordered.