**EXHIBIT B**

### CHRONOLOGY OF THE OPPOSITION'S DELAY OF THE DEPOSITION OF:
### <u>MS. KIMBERLY ALISE</u>

- *September 26, 2012:* Tucker requests that Berk provide Alise's availability for sitting for her deposition in October and November 2012.

- *September 28, 2012*: Berk responds with the promise that he will "respond as soon as possible".

- *October 3, 2012:* After waiting a week and still not receiving any available dates, Tucker requests that Berk provide Alise's availability by October 5, 2012.

- *October 5, 2012*: Berk states that he will provide available dates by October 15, 2012.

- *October 15, 2012*: On the date that Berk promised to provide dates, Berk maintains that he does not know when Alise, his client, is available.

- *October 22, 2012*: After another week of delay, Berk vaguely says that "we are checking into dates".

- *November 9, 2012*: Having not received any dates from Berk, Tucker offers her availability for any day, except three dates, between now and December 15, 2012 to take Alise's deposition.

- *November 16, 2012:* Berk complains that Tucker offered ***more*** than the three dates as required pursuant to the proposed protocol. Berk says "[o]nce you follow the correct protocols we will respond as agreed".

- *November 27, 2012*: Berk claims that due to Tucker's potential contribution claims against McDonald that McDonald "is unable to proceed with discovery in this case".

- *November 28, 2012*: Order on Discovery, drafted by McDonald, commands that depositions, including the deposition of Alise cannot commence until after November 30, 2012.

- *February 18, 2013*: Tucker requests availability of Alise to sit for her deposition in Chicago, Illinois. To facilitate the process, Tucker says Tucker is available to take the deposition any day from April 15, 2013 to June 30, 2013; over seventy business days.

- *February 25, 2013*: After waiting seven days to respond to the most recent request, Berk only offers to take Alise's deposition ***in Texas four months later*** on June 26, 2013.

- *March 5, 2013:* Tucker requests that Berk provide the availability for the earliest date that Alise can sit for her deposition in Chicago, Illinois. Tucker also requests that Berk "provide all dates between now and the end of discovery that [Berk] and Alise are available for [Alise's] deposition in Texas so that Tucker may consider proceeding with the deposition in Texas merely to put an end to [Alise and Berk's] obstruction of the deposition".

- *March 14, 2013*: Tucker reiterates request that Berk inform Tucker when Alise's deposition will occur in Chicago, Illinois and voiced the objection that Tucker would be prejudiced if the "extremely important deposition [was] to proceed at the very end of discovery". Tucker also says that "although I believe that [Berk's] demand for the deposition [of Alise] to occur in Texas is improper, I nevertheless would consider [Berk's] request if [Berk] provided [Tucker] with all dates that Alise is available in Texas for [Alise's] deposition".

- *March 18, 2013*: Berk only offers that Alise's deposition occur in Chicago, Illinois on June 26, 2013 – two days before the close of discovery. Berk entirely ignores the multiple requests by Tucker for Alise's availability to sit for her deposition in Texas. Berk has again violated the Order on Discovery.

- *March 20 and 27, 2013:* Tucker repeats the request that Alise's deposition occur earlier than the last few days of discovery.

- *April 16, 2013*: Given no other dates by Berk, Tucker notices the deposition of Alise to occur on June 26, 2013 in Chicago, Illinois.

- *June 18, 2013*: Eight days before the deposition that had been scheduled three months earlier, Berk cancels the deposition of Alise because a settlement conference in this case is tentatively scheduled for the same time.

- *June 18, 2013*: Tucker informs Berk that Tucker does not agree to the cancellation of Alise's deposition. Tucker notifies Berk that Tucker perceives "no conflict in the settlement conference and the deposition proceeding simultaneously" and "we intend to proceed with [Alise's deposition] as scheduled".

- *June 20, 2013*: Berk tells Tucker that "Ms. Alise is unable to attend her deposition on June 26 and therefore it will not proceed". Berk fails to offer any dates before the close of fact discovery that Alise could sit for her deposition. Berk again has violated the Order on Discovery.

- *June 20, 2013*: Tucker reiterates to Berk that "[Tucker] have never agreed, and do not agree to cancel Ms. Alise's deposition".

- *June 21, 2013*: Berk contends that the deposition of Alise will not occur on June 26, 2013 and instead attempts to schedule the deposition of former Tucker employee Ms. Kirstin Ives at that date and time.

- *June 23, 2013*: Tucker sends letter to Berk emphasizing that Berk has "still not set forth any legitimate reason why Ms. Alise's deposition cannot proceed on June 26, 2013".

- *June 25, 2013*: Berk states that "Ms. Alise will not, and cannot, be in Chicago on June 26 and therefore her deposition will not proceed".  Berk again fails to offer any justification and relies on the nonexistent "reasons stated previously".

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE TUCKER FIRM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:11-cv-1089 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| KIMBERLY ALISE, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| KIMBERLY ALISE, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA TUCKER and THE TUCKER | ) | |
| FIRM, LLC, | ) | |
| | ) | |
| Counter-Defendants. | ) | |
| | ) | |

## NOTICE OF DEPOSITION OF MS. KIMBERLY ALISE

PLEASE TAKE NOTICE that counsel for the Plaintiff and Counter-Defendant The Tucker Firm, LLC and Counter-Defendant Debra Tucker shall take the deposition of Defendant and Counter-Plaintiff Ms. Kimberly Alise pursuant to Federal Rule of Civil Procedure 30, for the purpose of discovery before an officer authorized to administer oaths and take testimony at 300 N. LaSalle Street, Suite 2100, Chicago, IL 60654 beginning at 10:00 a.m. on June 26, 2013 and continuing thereafter until completed.  Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A) the deposition will be transcribed by stenographic means.

Dated: April 16, 2013                          Respectfully submitted,

_____

One of the attorneys for the
Plaintiff and Counter-Defendant
The Tucker Firm, LLC and
Counter-Defendant Debra Tucker

Debra J. Tucker

THE TUCKER FIRM, LLC
1723 N. Halsted Street
Chicago, Illinois 60614
Phone (312) 202-0222
Facsimile (312) 202-0444
dtucker@thetuckerfirm.com

2

## CERTIFICATE OF SERVICE

I, Debra J. Tucker, an attorney under oath, hereby swear that on April 16, 2013, I served a copy of this Notice of Deposition and this Certificate of Service on the Defendant and Counter-Plaintiff Kimberly Alise by depositing the same in the U.S. post office box located at 2405 N Sheffield Ave in Chicago, Illinois to be delivered by first class U.S. mail with postage prepaid and addressed to the Defendant and Counter-Plaintiff's counsel at the address set forth below. Additional notice was provided on April 16, 2013 by e-mailing the same to the Defendant and Counter-Plaintiff's counsel at the e-mail addresses listed below:


    Mr. Richard N. Kessler
    Mr. Peter T. Berk
    McDonald Hopkins, LLC
    300 N. LaSalle Street, Suite 2100
    Chicago, IL 60654
    rkessler@mcdonaldhopkins.com
    pberk@mcdonaldhopkins.com



Dated: April 16, 2013

    _____
    Debra J. Tucker
    THE TUCKER FIRM, LLC
    1723 N. Halsted Street
    Chicago, Illinois 60614
    Phone (312) 202-0222
    Facsimile (312) 202-0444
    dtucker@thetuckerfirm.com



**THE TUCKER FIRM**
*Corporate legal counsel*

**The Tucker Firm LLC**
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
ppolcari@thetuckerfirm.com
http://thetuckerfirm.com

November 9, 2012

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

Re: *The Tucker Firm, LLC v. Kimberly Alise*
Case No. 11-cv-1089

Dear Mr. Berk:

We intend to proceed with depositions of Ms. Kimberly Alise, Ms. Bonnie Blaase, and Mr. Hasan Guresci. We are available on any day between now and December 15, 2012, with the exception of November 27th, 28th and 30th, for these depositions. Please let me know no later than November 16, 2012 which of these dates you and the deponent, if the deponent is under your control, are available.

Best Regards,

*Patrick Polcari*

Patrick Polcari

Cc: Mr. George McGaughey
Mr. Steven Harris
Mr. Richard Kessler

# McDonald Hopkins

A business advisory and advocacy law firm®

McDonald Hopkins LLC
300 North LaSalle Street
Suite 2100
Chicago, IL 60654

P  1.312.280.0111
F  1.312.280.8232

Direct Dial: 312.642.4168
E-mail: pberk@mcdonaldhopkins.com

November 16, 2012

**VIA ELECTRONIC MAIL**
Mr. Patrick Polcari
The Tucker Firm LLC
1723 North Halsted Street
Chicago, IL 60614

Re:     *The Tucker Firm v. Alise,* Case No. 11 C 1089

Dear Patrick:

I am in receipt of your letter dated November 9, 2012 regarding certain depositions you wish to schedule in the above-referenced matter. That letter does not comport with the protocols we agreed to for scheduling depositions in this case.

First, you seek dates for three depositions, but, rather than propose three dates for each deposition as agreed in our protocols for scheduling, you provide a blanket number of dates, including dates that are prior to November 30 when our agreement provides that no depositions will occur before November 30.

Second, at least two of the depositions, Ms. Blaase and Mr. Guresci will occur out of state. Our protocols call for coordination of dates with the deponent or their counsel. You have not indicated whether you have coordinated these dates with the deponents or their counsel. Moreover, please advise where you intend to take Ms. Alise's deposition – in Fort Worth or in Chicago.

Finally, you demand a response by November 16, 2012. This is despite the fact that the letter was sent after hours on Friday, November 9. Under our agreement that letter is deemed to have been sent on Monday, November 12, and we would have seven days to respond, which would be November 19, 2012.

Once you follow the correct protocols we will respond as agreed.

Sincerely,

Peter T. Berk

{4053186:}      Chicago  |  Cleveland  |  Columbus  |  Detroit  |  Miami  |  West Palm Beach

**www.mcdonaldhopkins.com**

**From:** Berk, Peter T. [mailto:pberk@mcdonaldhopkins.com]
**Sent:** Tuesday, November 27, 2012 3:26 PM
**To:** Patrick Polcari (ppolcari@thetuckerfirm.com)
**Cc:** dtucker@thetuckerfirm.com; Sheehan, Mike; Norris, Steve; Kessler, Richard N.
**Subject:** The Tucker Firm v. Alise

Patrick,

Due to the recent correspondence from Ms. Tucker dated November 23, 2012, and the assertions made therein, our firm is unable to proceed with discovery in this case, including the document review and the deposition of Ms. Van Wagner, at this time. We will contact you as soon as practicable to advise further. In the meantime, Ms. Alise reserves all of her rights and the documents set for review should be kept in a format able to be reviewed without additional cost.

---

**Peter T. Berk**
**Member**



**Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach**

**T: 312.642.4168**
**F: 312.280.8232**
**pberk@mcdonaldhopkins.com**
**www.mcdonaldhopkins.com**

**300 North LaSalle Street**
**Suite 2100**
**Chicago, IL 60654**

IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments), was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter addressed herein.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.



**The Tucker Firm LLC**
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
ppolcari@thetuckerfirm.com
http://thetuckerfirm.com

February 18, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

      Re: *The Tucker Firm, LLC v. Kimberly Alise*
         Case No. 11-cv-1089

Dear Mr. Berk:

The Plaintiff and Counter-Defendants ("Tucker") intend to proceed with depositions of Ms. Kimberly Alise, Ms. Nancy DeYoung, and Mr. Shane Hade. Tucker is available on any day from March 13, 2013 to June 30, 2013 for the depositions of Ms. DeYoung and Mr. Hade and any day from April 15, 2013 to June 30, 2013 for the deposition of Ms. Alise, with the exception of April 8, April 15, and April 23, 2013 which, as you know, are reserved for the depositions of Ms. Lisa Lauer, Mr. Peter Berk, and Mr. Steven Harris. Pursuant to the November 28, 2012 discovery order, please let me know no later than February 25, 2013 which dates you are available for the depositions of Ms. Alise, Ms. DeYoung, and Mr. Hade.

Mr. Hade's deposition will proceed in the New York area. I am in the process of coordinating with Mr. Hade's counsel to ensure his availability. Given that you have refused to provide your availability for the deposition of Mr. Guresci, who is also in the New York area, I am unable to coordinate these two depositions in order to ease your travel. Also, you have previously inquired whether Ms. Alise's deposition will proceed in Texas or Chicago. The deposition will proceed in Chicago.

In a continued effort to disrupt the scheduling of depositions, you have complained in your letters dated today and February 11, 2013 that, although I previously suggested 18 dates to schedule 3 other depositions, some of these dates should not count because they were in the near future. However, the deposition scheduling protocol entered by the Court, which you drafted, does not prohibit me from proposing dates in the near future. Furthermore, it is absurd for you to complain that some of the dates are too soon because I consistently have suggested substantially more dates than the protocol requires. If some dates are too soon, then you can simply pick one of the multitude of other dates I propose that are later. Moreover, if you are not available on the dates I propose, then the protocol

 THE TUCKER FIRM

February 18, 2013
Page 2

allows you to offer alternative dates that are later. Nonetheless, I have once again accommodated your uncooperative conduct with respect to scheduling the depositions requested by this letter by proposing numerous dates from which you can choose. All of the dates I have suggested are at least three weeks in the future, which should allow you ample time to prepare for the depositions.

You also state in a letter dated today that you "are unable to schedule the depositions that [you] wish to take" because Tucker has not filed an answer to Alise's Counterclaim. It is unclear why you are unable simply to schedule depositions as a result of Tucker not filing an answer. In any event, within the next couple of weeks, Tucker will be filing its answer, which will include its third-party contribution claims against Dr. Seth Guterman, Mr. John Gutzke, McDonald Hopkins LLC, and the attorneys at McDonald Hopkins LLC involved in the underlying litigation. Furthermore, your threat in your letter today to file a motion for default is entirely improper given that Alise filed a motion to stay the filing of Tucker's answer, and therefore, Alise is the reason that an answer has not been filed in the first instance.

Best Regards,

*Patrick Polcari*

Patrick Polcari

Cc: Mr. George McGaughey
    Mr. Steven Harris
    Mr. Richard Kessler



McDonald Hopkins

A business advisory and advocacy law firm®

Direct Dial: 312.642.4168
E-mail: pberk@mcdonaldhopkins.com

McDonald Hopkins LLC
300 North LaSalle Street
Suite 2100
Chicago, IL 60654

P 1.312.280.0111
F 1.312.280.8232

February 25, 2013

**VIA ELECTRONIC MAIL**
Mr. Patrick Polcari
The Tucker Firm LLC
1723 North Halsted Street
Chicago, IL 60614

Re:     *The Tucker Firm v. Alise,* Case No. 11 C 1089

Dear Patrick:

We are in receipt of your letter dated February 18, 2013 requesting to schedule the depositions of Ms. Kimberly Alise, Ms. Nancy DeYoung, and Mr. Shane Hade.  Pursuant to your letter and proposed dates, we select the following dates for the depositions:

Kimberly Alise (to be taken in Texas): June 26;

Nancy DeYoung:  May 21.  Be advised that Ms. DeYoung contacted us upon receipt of your letter demanding every date she is unavailable between the date of the letter and June 30, 2013.  She also sent you 3 possible dates for her deposition.  This date is one of the dates she sent to you.  Further, to the extent that you wish to schedule the depositions of the other individuals at Healthcare Business Consultants (Matthew Yeterian, Joann Harper) and Business & Professional Consultants (John Argo and Linda Cummings) to whom you sent similar, and in our view unreasonable, demand letters, please let us know as we can assist in efficiently scheduling these depositions;

Shane Hade and Hasan Guresci:  We understand that these depositions will both occur in New York.  We therefore propose that these depositions occur on June 12 and 13.  Be advised that our selection of a date for Mr. Guresci is without waiving, and with specifically reserving, all of our rights, including, but not limited to, our right to seek a protective order on behalf of our client to preclude the deposition.

{4198320:}     Chicago  |  Cleveland  |  Columbus  |  Detroit  |  Miami  |  West Palm Beach

www.mcdonaldhopkins.com

Patrick Polcari
February 25, 2013
Page 2


Please confirm these dates as soon as possible. Further, please confirm that the depositions of Mr. Gutzke and Mr. Vranek will be proceeding on the dates you previously chose. Finally, please confirm the location of the various depositions you have scheduled. The depositions of the various McDonald Hopkins LLC personnel can occur at our offices.


Sincerely,

Peter T. Berk


cc: Richard Kessler

McDonald Hopkins LLC
Attorneys at Law



**The Tucker Firm LLC**
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
ppolcari@thetuckerfirm.com
http://thetuckerfirm.com

March 5, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

      Re: *The Tucker Firm, LLC v. Kimberly Alise*
          Case No. 11-cv-1089

Dear Mr. Berk:

Yesterday, you sent me a letter insisting that the deposition of Defendant and Counter-Plaintiff Ms. Kimberly Alise ("Alise") proceed on June 26, 2013, just two days before the close of discovery, in Texas rather than in Chicago.

With respect to the location of the deposition, you contend that Texas is the proper location for Alise's deposition and cite to the fact that Alise did not move directly from Illinois to Texas. Rather, you claim that Alise moved to California and then to Florida before moving to Texas. You also state that Alise lived in Florida at the time this suit was brought. These facts are irrelevant, as you are not seeking for the deposition to occur in California or Florida. Moreover, Alise's retention of Tucker arose because Alise initiated contact with Tucker in Illinois. Tucker did not reach out to Alise in another state. Furthermore, you raise the fact that Alise is a "single parent" with two children as a reason Alise should not be required to travel. However, Alise has asserted a $2.9 million malpractice counterclaim against Tucker. Deposing Alise is vital to Tucker defending against this claim, will likely involve multiple persons from The Tucker Firm, LLC, and will involve voluminous exhibits. Requiring Tucker to relocate these resources from Chicago to Texas is far more inconvenient for Tucker than any inconvenience Alise will suffer by making arrangements for her children so that she can travel to Illinois. Also, as you know, Alise reaped over $1 million of benefits from Tucker's legal services and stiffed Tucker for her fees. So it is Tucker, if anyone, who has a hardship that should be considered. To be sure, Alise has consistently reported annual income far in excess of $300,000 in recent years. Therefore, Alise most certainly does not lack the financial resources to hire childcare and to pay to travel to Chicago.

Moreover, pursuant to the deposition scheduling protocol in the Court's November 28, 2012 Order, depositions of out-of-state witnesses are to be "coordinated"



March 5, 2013
Page 2

in order "to ease travel". Thus, if it is your contention that Alise's deposition should proceed in Texas, then you should have raised this at the time that Dr. Van Wagner's deposition was being scheduled, which will proceed in Texas on March 22, 2013. Nevertheless, Tucker has been more than accommodating by being willing to depose Alise at this same time. It is you who contends that you are "unable to extend [your] travel to Fort Worth for another deposition" around Dr. Van Wagner's deposition. Your purported unavailability is not surprising given that you have claimed consistently throughout this case that you are unavailable on the numerous dates that Tucker has purposed for depositions. Now, you are once again claiming unavailability. Nevertheless, please provide all dates between now and the end of discovery that you and Alise are available for her deposition in Texas so that Tucker may consider proceeding with the deposition in Texas merely to put an end to your obstruction of the deposition. To be clear, however, Tucker is not conceding that it is proper for you to demand that the deposition occur only in Texas, and Tucker is not waiving her right to insist that it occur in Chicago.

Finally, with respect to the date of the deposition, your attempt to schedule it out of town just two days before the close of discovery and two days before the only date you have proposed for Dr. Guterman's deposition is unacceptable. Alise is a party to this litigation, and her testimony is highly relevant and will likely lead to other additional discovery. Therefore, Alise's deposition must be conducted with sufficient time before the close of discovery to allow Tucker to conduct other discovery. The scheduling you have proposed is highly prejudicial to Tucker, which crams two extremely important depositions into the last weeks of discovery. If you persist in your position, we will file a motion with the Court and seek sanctions for your persistent delay and obstruction of discovery.

Best Regards,

*Patrick Polcari*

Patrick Polcari

Cc: Mr. George McGaughey
    Mr. Steven Harris
    Mr. Richard Kessler



**The Tucker Firm LLC**
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
ppolcari@thetuckerfirm.com
http://thetuckerfirm.com

March 14, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

      Re: *The Tucker Firm, LLC v. Kimberly Alise*
          Case No. 11-cv-1089

Dear Mr. Berk:

This letter responds to your letter from 4:59 p.m. on March 11, 2013 stating your availability for the depositions of Mr. Richard Kessler, Ms. Jennifer McGovern, and Ms. Bonnie Blaase. According to your stated availability, the deposition of Mr. Richard Kessler is scheduled for May 8, 2013 at 1:00 p.m., the deposition of Ms. McGovern is scheduled for May 17, 2013 at 10:00 a.m., and the deposition of Ms. Blaase is scheduled for June 5, 2013 at 10:00 a.m, subject to the objections set forth below.

However, I remind you that the protocol that you drafted, and was entered by the Court on November 28, 2012, does not permit you to refuse the dates I propose unless you are unavailable. Given your persistent claims of blanket unavailability to delay and obstruct depositions in this case, I had requested that you substantiate your purported unavailability on any of the dates that I suggest, but that you reject, by stating the precise reason that you are allegedly unavailable. Your attempt to select dates unilaterally for these depositions by claiming that you are unavailable is contrary to the protocol and an abuse of discovery because you have not substantiated that you are in fact unavailable on the dates we selected for these depositions. Accordingly, please substantiate, by March 16, 2013, that you and/or Mr. Kessler are unavailable each and every day from April 29, 2013 to May 8, 2013, that you and/or Ms. McGovern are unavailable each and every day from May 9, 2013 to May 17, 2013, and that you are unavailable for Ms. Blaase's deposition until June 5, 2013. In addition, by March 16, 2013, please substantiate the basis for your previous claims of unavailability on the dates Tucker suggested for depositions of the other witnesses whom Tucker has previously requested to schedule a deposition. I already requested on March 4, 2013 that you do so, but you completely ignored my request. If, as Tucker suspects, you have misrepresented your



unavailability, Tucker will reschedule depositions to their proper date rather than the late dates that you have caused.

With respect to the deposition of Mr. Kessler, you state in your letter that Mr. Kessler is available only until 5:25 p.m. on May 8, 2013, and we are unable to begin the deposition until 1:00 p.m. that date due to a court hearing. As you know, Federal Rule of Civil Procedure 30(d)(1) allows seven hours for a deposition. It seems unlikely that a seven-hour deposition can occur within these time constraints. Accordingly, please notify me of the *first* date that is fully available after April 29.

Furthermore, you contend in your letter that an "issue" with respect to the deposition of Ms. Blaase is that you do not know where the deposition will proceed. Based on your repeated statements to me about the location of this deposition, it seems highly likely that you and/or Ms. Alise are aware of where Ms. Blaase, Ms. Alise's mother, lives. It is evident that you once again are trying to obstruct discovery and increase costs by obstinately withholding this information. Nonetheless, Tucker has successfully served Ms. Blaase in Chicago previously, and Tucker intends to proceed with the deposition of Ms. Blaase in Chicago unless you inform me that Ms. Blaase does not live in Cook County and provide a different current address for Ms. Blaase.

On February 25, 2013, I also requested your availability for the depositions of Mr. Davey Cunningham and Ms. Linda Cummings. Pursuant to the Court's November 28, 2012 discovery Order, which you wrote and the Court entered, you were required to provide to me your availability for these depositions a week ago, on March 4, 2013. You have refused to do so claiming that you did not understand the relevancy of Mr. Cunningham and Ms. Cummings to this litigation. I remind you that the November 28, 2012 Order does not allow you to refuse to schedule a deposition for any reason. Nonetheless, I justified the relevance of Mr. Cunningham and of all of Dr. Seth Guterman's accounting, financial, and business advisors, including Ms. Cummings, to this litigation in two separate letters dated March 5, 2013. Accordingly, I expect that you will provide your availability for the depositions of Mr. Cunningham and Ms. Cummings immediately.

Finally, on March 5, 2013, I objected to your conduct with respect to the scheduling of Ms. Alise and Dr. Guterman's depositions. Specifically, you have attempted to schedule the deposition of Ms. Alise on June 26, 2013 in Texas, two days before the close of discovery, and the deposition of Dr. Guterman in Chicago on June 28, 2013, the date discovery closes. As I have substantiated to you, Tucker would be highly prejudiced if these two extremely important depositions were to proceed at the very end of discovery. Moreover, I demanded that you substantiate your claim that Dr. Guterman's deposition cannot proceed on any day during the month of May, as I requested. Furthermore, you absurdly have insisted that the deposition of Ms. Alise proceed in Texas instead of Chicago, where Ms. Alise retained Tucker and where this action is pending. I informed you on March 4, 2013 that, although I believe that your demand for the deposition to occur in Texas is improper, I nevertheless would consider your request if you provided



March 14, 2013
Page 3

me with all dates that Alise is available in Texas for her deposition. You have ignored my request. Therefore, I insist that the deposition occur in Chicago on the very first date that Ms. Alise is available. Please let me know when this is.

Best Regards,

*Patrick Polcari*

Patrick Polcari

Cc: Mr. George McGaughey
     Mr. Steven Harris
     Mr. Richard Kessler

**McDonald** Hopkins

A business advisory and advocacy law firm®

McDonald Hopkins LLC
300 North LaSalle Street
Suite 2100
Chicago, IL 60654

P  1.312.280.0111
F  1.312.280.8232

Direct Dial: 312.642.4168
E-mail: pberk@mcdonaldhopkins.com

March 18, 2013

**VIA ELECTRONIC MAIL**
Mr. Patrick Polcari
The Tucker Firm LLC
1723 North Halsted Street
Chicago, IL 60614

Re:  *The Tucker Firm v. Alise,* Case No. 11 C 1089

Dear Patrick:

I am writing in response to the several letters you sent on March 5, 2013 and the letter sent on March 14, 2013 regarding the scheduling of various depositions. Be advised that we disagree with your statements in those letters and reserve the right to respond if and when it becomes necessary. Rather than engage in a wasteful and needless letter writing campaign, as you seem to want to do, we propose the following to move this matter forward:

> The deposition of Ms. Alise will occur in Chicago on June 26, 2013;
>
> The deposition of Ms. Cummings can be scheduled for May 7; and
>
> The deposition of Mr. Cunningham can be scheduled for June 4, 5, or 6.

With respect to Mr. Kessler's deposition, your letter dated March 4, 2013 stated that you proposed the first three dates we were available between April 29 and May 31, 2013. You did not state that there were any limits on those dates. Accordingly, I selected one of the first three dates that Mr. Kessler and the necessary other attorneys were available. Your new position that you are now unavailable until 1:00 pm on May 8 shows that your offers indicating that you are available on any date in attempting to schedule these depositions are inaccurate and intended solely to create issues in deposition scheduling. While we are fully within our rights to demand you proceed on May 8 as scheduled, in an effort to avoid needless letter writing by you, we will agree to move Mr. Kessler's deposition to May 3.

With respect to your unreasonable demand that we "substantiate" our unavailability on other dates, we will not do so other than to say that I, and the attorneys you wish to depose and the attorneys that must appear for them, have other matters to attend to and thus scheduling is difficult, especially when your position is that every deposition is allowed seven hours and thus the entire day must be reserved. Moreover, in certain letters, your proposed dates were within two to three weeks of the letter. It is unreasonable to expect that we can simply drop every other case to schedule seven hour depositions within two to three weeks of a demand.

Patrick Polcari
March 18, 2013
Page 2


With respect to the deposition of Ms. Blaase, we are not obstructing discovery. Ms. Blaase, as we have informed you previously, does not live in Chicago. We understand that you have continuously and repeatedly, to the point of harassment, called Ms. Blaase, and have attempted service of your subpoenas on her by email. Ms. Blaase is elderly and in ill health. If you would like to serve discovery on us, requesting the identification of witnesses and their addresses, you are free to do so. It is not our job to locate your witnesses for you at your demand.

With respect to Dr. Guterman, the available dates were limited not only by our schedule, but by Dr. Guterman's as well as your demand that any dates I proposed be available dates for the witness as well. When I discussed scheduling with Dr. Guterman, he informed me that, due to his schedule, he was unavailable until the very end of June. We can still proceed with his deposition on June 28, 2013. If that date does not work for you, I can attempt to find alternative dates when Dr. Guterman and I are both available, but those dates may need to be after the currently scheduled close of discovery.

By scheduling the above depositions we do not waive any rights or objections to the depositions be taken or any other objections.

Sincerely,

Peter T. Berk

cc: Richard Kessler

McDonald Hopkins LLC
Attorneys at Law



**THE TUCKER FIRM**
*Corporate legal counsel*

**The Tucker Firm LLC**
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
ppolcari@thetuckerfirm.com
http://thetuckerfirm.com

March 20, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

    Re: *The Tucker Firm, LLC v. Kimberly Alise*
       Case No. 11-cv-1089

Dear Mr. Berk:

On October 31, 2012, January 30, 2013, and March 14, 2013, I offered to schedule the deposition of Ms. Debra Tucker on any date before the close of discovery. You previously refused to schedule Ms. Tucker's deposition for the purported reason that the Counter-Defendants had not filed their answer. Subsequently on March 14, 2013, Tucker provided you with a copy of the Counter-Defendants' answer. In a letter dated March 18, 2013, you then offered a new and different excuse for being unable to proceed with Ms. Tucker's deposition, which is your purported need to issue further discovery and Tucker's purported "refusal to reasonably comply with basic discovery requests". Your vacillating position reveals that your purported justifications for being unable to proceed with Ms. Tucker's deposition are utterly baseless. Moreover, your contention that Tucker has not satisfied her obligations to respond to discovery is absurd, as I have more fully outlined to you in a separate letter today. Nevertheless, in your letter you propose dates for the deposition of Ms. Tucker. Pursuant to your proposed dates, we will plan to proceed with the deposition on June 19, 2013 at 9:30 a.m.

However, I find it incredible that you were unable to schedule the depositions of Ms. Alise and Dr. Guterman until the end of June, two days before and the day that discovery ends, but that you are conveniently available for Ms. Tucker's depositions in the preceding week. I have already substantiated to you that Tucker would be highly prejudiced by the dates you have chosen for the depositions of Ms. Alise and Dr. Guterman. Given your own tactical choice to delay discovery, Tucker will object to any request by you for an extension of the discovery deadline. Furthermore, your manipulation of the deposition scheduling to attempt to take Ms. Tucker's deposition before Tucker has had the benefit of the testimony of Ms. Alise and Dr. Guterman at their depositions is also prejudicial. Accordingly, if you persist in claiming that Ms. Alise and Dr. Guterman's depositions cannot proceed substantially earlier, and prior to, Ms. Tucker's scheduled deposition, then we will be filing a motion with the court revealing your objectionable conduct.

THE TUCKER FIRM

March 20, 2013
Page 2

Best Regards,

*Patrick Polcari*

Patrick Polcari

Cc: Mr. George McGaughey
Mr. Steven Harris
Mr. Richard Kessler



**THE TUCKER FIRM**
*Corporate legal counsel*

**The Tucker Firm LLC**
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
ppolcari@thetuckerfirm.com
http://thetuckerfirm.com

March 27, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

Re: *The Tucker Firm, LLC v. Kimberly Alise*
Case No. 11-cv-1089

Dear Mr. Berk:

This letter pertains to the depositions of: Mr. Marc Davis; Mr. Matthew Yeterian; Ms. Linda Cummings; Mr. Davey Cunningham; Ms. Kimberly Alise; Mr. Richard Kessler; Dr. Seth Guterman; Ms. Bonnie Blaase; Mr. John Dirk Gutzke; and Mr. Stephen Vranek.

With respect to the depositions Mr. Davis, Mr. Yeterian, Ms. Cummings, and Mr. Cunningham, pursuant to your stated availability in letters dated March 18 and 26, 2013, we will proceed with Mr. Davis's deposition on May 16, 2013, Mr. Yeterian's deposition on June 7, 2013, Ms. Cummings's deposition on May 7, 2013, and Mr. Cunningham's deposition on June 4, 2013. Notably, although you purport also to suggest the date of June 5, 2013 for Mr. Cunningham's deposition, as you know, we have scheduled the deposition of Ms. Bonnie Blaase for that date based on your stated availability.

With respect to the deposition of Ms. Alise, you confirmed in your March 18, 2013 letter that her deposition will occur in Chicago. You also stated that this deposition will occur on June 26, 2013, which is just two days before the close of discovery. Your scheduling of Ms. Alise's deposition at the tail end of discovery is a transparent attempt by you to impair Tucker's ability to discover relevant evidence in this case. Indeed, it is highly likely that Ms. Alise's deposition will reveal other sources of pertinent information. Nonetheless, we will tentatively schedule Ms. Alise's deposition in Chicago on June 26, 2013, but we will seek relief from the Court if, as we suspect, your delay of this deposition in fact prejudices Tucker.

With respect to Mr. Kessler's deposition, you previously suggested the date of May 8, 2013, but you stated that Mr. Kessler was available only until 5:25 p.m. In



response, I stated that this limitation would not allow Tucker to depose Mr. Kessler for
seven hours, as is permitted under the Federal Rules of Civil Procedure, given the likely
need for lunch and other breaks. Additionally, I noted that Mr. Kessler's limitation is
particularly problematic because Ms. Tucker has a court hearing in another matter
scheduled for the morning of May 8, 2013. You claim in your letter that Ms. Tucker's
scheduled court hearing "shows" that Tucker's offers to schedule depositions "are
inaccurate and intended solely to create issues in depositions scheduling". To be clear,
Ms. Tucker's court hearing on May 8, 2013 becomes problematic only in light of
Mr. Kessler's purported limitation. In any event, in light of your baseless accusations,
Ms. Tucker will make the adjustments to her schedule that are necessary to allow the
deposition to proceed on May 8, 2013, despite Mr. Kessler's time constraints on that date.
However, you have also suggested May 3, 2013 for Mr. Kessler's deposition. Therefore,
please let me know by March 29, 2013 whether you wish to proceed with Mr. Kessler's
deposition on May 3 or May 8, 2013. In making this determination, you are forewarned
that the deposition will last a full seven hours.

As for Dr. Guterman's deposition, you have rejected all ***twenty-one*** dates that Tucker has
proposed and you have suggested only June 28, 2013, which is the discovery deadline,
even though the Court's November 28, 2013 Order required you to suggest three
alternative dates. You claim that you and Dr. Guterman are not available on the same
day until June 28, 2013. However, you do not provide anything to substantiate this
incredible assertion.

Requesting that you substantiate your unavailability for Dr. Guterman's and other
depositions is not "unreasonable" as you claim, given your absurd claims of
unavailability. Furthermore, the accusation in your March 18, 2013 letter that I am
requesting that you "drop every other case to schedule seven hour depositions within two
to three weeks of a demand" is false. I am requesting merely that you substantiate your
unavailability. If you have "other matters to attend to", as you claim, then substantiation
should be no problem. Thus, if you are persisting in your position that Dr. Guterman's
deposition cannot proceed until June 28, 2013 or later, then I insist that you substantiate
this position.

With respect to the deposition of Ms. Blaase, who is Ms. Alise's mother and was actively
involved in the underlying litigation, you complain in your March 18, 2013 letter that it is
harassing for Tucker to place phone calls to Ms. Blaase. Tucker has placed these calls in
an attempt to discover Ms. Blaase's address. However, when I request Ms. Blaase
address from you, you state "[i]t is not [your] job to locate [our] witnesses". Thus, you
are taking conflicting positions.

Moreover, Mr. Gutzke's counsel has informed me that Mr. Gutzke needs to reschedule
his deposition, which was previously scheduled for April 4, 2013. In addition, as you
know, Mr. Vranek cannot attend his deposition scheduled for tomorrow, and therefore his
deposition needs to be rescheduled as well. Tucker proposes any date between May 1

 THE TUCKER FIRM

March 27, 2013
Page 3

and May 31, 2013 for these depositions, other than dates on which depositions are already scheduled. Please let me know your availability no later than April 3, 2013.

Finally, in your March 18, 2012 letter, you claim that I wish to "engage in a wasteful and needless letter writing campaign" regarding depositions. This accusation is hypocritical. It is you who drafted the "protocol" that requires senseless letters to be written to schedule depositions. In addition, it is you that continues to obstruct Tucker's ability to schedule depositions by constantly objecting to witnesses that Tucker seeks to depose and claiming blanket unavailability so that you can stack the most substantial depositions at the very end of discovery. If you were not so obstructive, I would not need to write so many letters simply seeking your compliance.

Best Regards,

*Patrick Polcari*

Patrick Polcari

Cc: Mr. George McGaughey
Mr. Steven Harris
Mr. Richard Kessler
Mr. Joseph Jacobi



**A business advisory and advocacy law firm®**

McDonald Hopkins LLC
300 North LaSalle Street
Suite 2100
Chicago, IL 60654

P  1.312.280.0111
F  1.312.280.8232

Direct Dial: 312.642.4168
E-mail: pberk@mcdonaldhopkins.com

June 18, 2013

**VIA ELECTRONIC MAIL**
Ms. Debra Tucker
The Tucker Firm LLC
1723 North Halsted Street
Chicago, IL 60614

Re:     ***The Tucker Firm v. Alise,*** **Case No. 11 C 1089**

Dear Ms. Tucker:

I am writing with respect to the deposition of Ms. Kimberly Alise.

Given that the settlement conference before Judge Gilbert is proceeding on June 26, when Ms. Alise's deposition was scheduled, and given that when discussing settlement conference dates before Judge Gilbert you indicated that Ms. Alise's deposition would not be proceeding due to your pending motions seeking additional documents, Ms. Alise's deposition will not be proceeding on June 26.

Sincerely,

Peter T. Berk/mb

Peter T. Berk

cc:  Richard Kessler



**THE TUCKER FIRM**
*Corporate legal counsel*

The Tucker Firm LLC
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
dtucker@thetuckerfirm.com
http://thetuckerfirm.com

June 18, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

     Re:  *The Tucker Firm, LLC v. Kimberly Alise*
         Case No. 11-cv-1089

Dear Mr. Berk:

I am in receipt of your letter of today's date in which you cancel the deposition of Ms. Kimberly Alise, the named Defendant and Counter-Plaintiff in the above-referenced action, scheduled for June 26, 2013. As you are well aware, the deposition of Ms. Alise has been scheduled for nearly four months.

In your letter, you have entirely misconstrued the comment I made on June 10, 2013 in which I alerted the Court and you to the fact that June 26, 2013 was the date of Ms. Alise's deposition. My comment that her deposition was unlikely to proceed neither stated, nor implied, that I was cancelling the deposition or that I was amenable to forgoing the deposition to attend a settlement conference. To be clear, I have never agreed, and do not agree, to cancel Ms. Alise's deposition, either because of the settlement conference or as a result of Ms. Alise's failure to produce her documents. It is now especially important to proceed with Ms. Alise's deposition on June 26 as a result of Judge Darrah's decision this morning denying your motion to extend discovery.

In the event the settlement conference, which is currently only "tentatively" scheduled for the same day as Ms. Alise's deposition, in fact materializes, we perceive no conflict in the settlement conference and the deposition proceeding simultaneously. Accordingly, we do not agree to your unilateral cancellation of Ms. Alise's deposition, and we intend to proceed with it as scheduled.

 THE TUCKER FIRM

June 18, 2013
Page 2

Best Regards,

Debra Tucker

Cc: Mr. Richard Kessler
Mr. Joseph Jacobi
Mr. George Flynn
Mr. Richard Kaplan
Mr. Timothy Herman



McDonald Hopkins
A business advisory and advocacy law firm®

McDonald Hopkins LLC
300 North LaSalle Street
Suite 2100
Chicago, IL 60654

P 1.312.280.0111
F 1.312.280.8232

Direct Dial: 312.642.4168
E-mail: pberk@mcdonaldhopkins.com

June 20, 2013

**VIA ELECTRONIC MAIL**
Ms. Debra Tucker
The Tucker Firm LLC
1723 North Halsted Street
Chicago, IL 60614

Re:     *The Tucker Firm v. Alise,* Case No. 11 C 1089

Dear Ms. Tucker:

I am in receipt of your letter dated June 18, 2013, regarding Ms. Alise's deposition, which was received after hours while I was ill.  For the reasons stated in that letter, and for the reasons stated in the conference with the judge this morning, Ms. Alise is unable to attend her deposition on June 26 and therefore it will not proceed.  Ms. Alise could attend her deposition on July 15, 22 or 29.

As an alternative, and as you know, we and Mr. Flynn have repeatedly discussed the concept of an agreed extension of discovery based on the pending motions and the depositions that are attempting to be scheduled.  Further, your refusal to hold more than one deposition on any day has made scheduling more difficult.  As you are aware, Judge Gilbert did not know how we would complete discovery in the current time frame.   Therefore, in an effort to resolve differences, we again propose an agreed extension of the fact discovery schedule for three months (until September 27, 2013, with a like extension of the expert discovery schedule) so that (a) all motions can be decided, (b) we do not need to take multiple depositions on the same day as you do not wish to do, and (c) the parties can also timely consider settlement.  Attached is a draft agreed order for your consideration.

Sincerely,

Peter T. Berk

attachment

cc:  Richard Kessler

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| THE TUCKER FIRM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:11-cv-1089 |
| | ) | |
| KIMBERLY ALISE | ) | Judge John W. Darrah |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | ) | |

**AGREED ORDER**

Pursuant to the agreement of the parties, IT IS HEREBY ORDERED THAT:

1. The Court's Order dated November 28, 2012 is amended as follows:

   a. Fact discovery closes on September 27, 2013;

   b. Initial disclosures under Fed. R. Civ. P. 26(a)(2) for experts to be used in affirmative support of a party's claims or defenses to be made by November 12, 2013.

   c. Disclosures required by Fed. R. Civ. P. 26(a)(2) of experts intended solely to contradict or rebut the initial disclosure to be made by December 11, 2013.

   d. Disclosures required by Fed. R. Civ. P. 26(a)(2) of any rebuttal experts to be made by January 13, 2014.

   e. Expert discovery closes on February 25, 2014;

2. All other provisions of the Court's November 28, 2012 Order remain in effect

Dated: June ___, 2013

ENTERED:

_____

The Honorable John W. Darrah

{4367484:}

AGREED:

Debra Tucker and The Tucker Firm, LLC    Kimberly Alise

By: _____    By: /s/ Peter T. Berk _____
      One of Their Attorneys            One of Her  Attorneys

THE TUCKER LAW FIRM, LLC    McDONALD HOPKINS LLC
Debra J. Tucker    Richard N. Kessler
1723 N. Halsted Street    Peter T. Berk
Chicago, Illinois 60614    300 N. LaSalle Street, Suite 2100
(312) 202-0222    Chicago, IL 60654
    (312) 280-0111



**THE TUCKER FIRM**
*Corporate legal counsel*

The Tucker Firm LLC
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
dtucker@thetuckerfirm.com
http://thetuckerfirm.com

June 20, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

Re: *The Tucker Firm, LLC v. Kimberly Alise*
Case No. 11-cv-1089

Dear Mr. Berk:

As you know, today you misrepresented to Magistrate Judge Gilbert that The Tucker Firm LLC and Ms. Debra Tucker (collectively "Tucker") made statements to the Court on June 10, 2013 seeking to cancel the depositions of Ms. Alise and Dr. Guterman that are scheduled for June 26 and June 28, 2013 respectively.

With regard to Ms. Alise's deposition, I already have detailed in a letter sent to you on June 18, 2013 that "I have never agreed, and do not agree, to cancel Ms. Alise's deposition".

With regard to Dr. Guterman's deposition, the only matter discussed at the hearing on June 10, 2013 involved the tentative scheduling of the settlement conference on June 26, 2013, which in ***no way*** affects the deposition of Dr. Guterman scheduled to occur two days later on June 28, 2013. To be clear, Tucker expects for Dr. Guterman to comply fully with Tucker's subpoena for his deposition to occur on the June 28, 2013 date that you demanded on March 4, 2013. This subpoena was issued months ago and any delay or failure in producing Dr. Guterman to sit for his deposition will not be tolerated

Best Regards,

Debra Tucker

THE TUCKER FIRM

June 20, 2013
Page 2


Cc: Mr. Richard Kessler
    Mr. Joseph Jacobi
    Mr. George Flynn
    Mr. Richard Kaplan
    Mr. Timothy Herman

# McDonald Hopkins

A business advisory and advocacy law firm®

Direct Dial: 312.642.4168
E-mail: pberk@mcdonaldhopkins.com

McDonald Hopkins LLC
300 North LaSalle Street
Suite 2100
Chicago, IL 60654

P  1.312.280.0111
F  1.312.280.8232

June 21, 2013

**VIA ELECTRONIC MAIL**
Ms. Debra Tucker
The Tucker Firm LLC
1723 North Halsted Street
Chicago, IL 60614

Re:    *The Tucker Firm v. Alise,* Case No. 11 C 1089

Dear Ms. Tucker:

I am writing with respect to the depositions of Elizabeth Larsen, Kristen Ives, and yourself.

First, assuming Elizabeth Larsen is still available on June 25, 2013, we will take her deposition on that date, assuming she is available. Please advise by close of business today as to what time you will be available to proceed with the deposition.

Second, with respect to Ms. Ives' deposition, you have rejected both dates offered prior to the close of discovery due to other depositions already being scheduled, one of which was that of Ms. Alise, which, as we have stated, will not be proceeding.  Given that, we request that you either (a) agree to have Ms. Ives' deposition proceed on June 26 after the settlement conference, assuming she is still available on the 26th, (b) agree to have her deposition taken on an alternative date after the close of discovery before the end of July, or (c) agree to an extension of the discovery schedule.

Third, we propose June 27, 2013, after the hearing on Kimberly Alise's Motion for a Protective Order, for your deposition, with the agreed right to proceed with a second deposition, if necessary, after the ruling on Ms. Alise's Motion to Compel. By proceeding with your deposition in the federal action, we are not waiving any right to notice and proceed with your deposition in the state action ("State Action") you recently filed.  If your position on this is otherwise, then you must agree that your deposition will be taken after the close of discovery in the federal action and at a mutually agreeable time of all parties in the federal action and the State Action.

Sincerely,

Peter T. Berk

cc:  Richard Kessler
     Elizabeth Larsen
     Kirstin Ives



**THE TUCKER FIRM**
*Corporate legal counsel*

**The Tucker Firm LLC**
1723 North Halsted Street
Chicago, Illinois 60614

*tel.* 1 312 202 0222
*fax* 1 312 202 0444
dtucker@thetuckerfirm.com
http://thetuckerfirm.com

June 23, 2013

**VIA E-MAIL**

Mr. Peter Berk
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654

Re: *The Tucker Firm, LLC v. Kimberly Alise*
Case No. 11-cv-1089

Dear Mr. Berk:

This letter responds to your letter sent on Thursday, June 20, 2013 at 5:33 p.m., a time which you contend is "after hours", pertaining to Ms. Alise's deposition. Your letter purports to respond to my June 18th letter, which you complain was sent to you "after hours" as a result of it having been sent to you at 5:16 p.m. and you complain was sent to you when you were sick, even though it was sent to respond to the letter that you sent to me, despite your illness, at 2:42 p.m. that same day.

Despite your multiple attempts, you have still not set forth any legitimate reason why Ms. Alise's deposition cannot proceed on June 26, 2013. In your June 18, 2013 letter, you cancelled Alise's deposition, relying on the comment that I made on June 10th alerting the Court and you that Ms. Alise's deposition was scheduled to occur on the same June 26th date that was being discussed for a settlement conference. However, during the in-chambers conference subsequently held on June 20th, you raised with Magistrate Judge Gilbert this ground for cancelling Ms. Alise's deposition, and he rejected it as a legitimate basis for you to cancel. Moreover, it is apparent that you do not believe that the settlement conference is an impediment to depositions occurring on June 26th given that on June 21, 2013 you sent a letter requesting that the deposition of Ms. Kirstin Ives, a Tucker Firm former attorney, occur on June 26th despite the settlement conference.

To be sure, after the June 20th conference, Magistrate Judge Gilbert issued a minute order specifically stating that "[t]he Court does not intend and is not ordering that any discovery or depositions should be postponed or stayed pending this attempt [at a June 26th settlement conference] to reopen settlement discussions." (Dkt. #288.) He also reiterated that, even if the settlement conference did occur, it would be limited to two hours from 9:30 a.m. to 11:30 a.m. on June 26th, that "it is not necessary for the principals themselves to be present in person", and that "if possible, lead counsel for Alise, Guterman and McDonald Hopkins with settlement authority should be present in person." (*Id.*) Thus, there is nothing about the settlement



conference that would justify your cancelling Ms. Alise's deposition. Even if the same persons were required to be present at the settlement conference and Ms. Alise's deposition, the deposition could begin at 11:30 a.m., immediately after the settlement conference ended. In any event, the same persons are not required to be present given that it is Ms. Tucker who will be taking Ms. Alise's deposition and neither Ms. Tucker nor Ms. Alise are required to be at the settlement conference. You have been the attorney representing Ms. Alise at each of the three depositions that have occurred to date in this case, and you have not substantiated that your presence is necessary at the settlement conference. To the contrary, Magistrate Judge Gilbert has stated that "if possible" Ms. Alise's "lead counsel" should be present and you are not her lead counsel. Rather, Mr. Harris and Mr. Kessler are Ms. Alise's lead counsel, and you indicated at the June 20th conference that Mr. Harris had blocked June 26th off in his calendar to potentially attend the settlement conference.

During the June 20th conference, you also claimed that Ms. Alise could not attend her deposition on June 26th because she has two children. However, Ms. Alise has known since 2009, when her children were born, that she had two children, and it is unlikely that this condition will change in the future. You designated the June 26th date for Ms. Alise's deposition *fourth months ago* on February 25, 2013 and Tucker issued the notice for Ms. Alise's deposition *two months ago* on April 16, 2013. Therefore, Ms. Alise has had plenty of time to make arrangements for the care of her children to enable her to attend her deposition. Furthermore, Ms. Alise claims in this litigation that I should have gotten her reinstated to the position of ECDS' CEO, despite her having just given birth prematurely to her two children. This CEO position, which Dr. Guterman claimed required Alise to work in ECDS' office in Chicago for 40-60 hours a week, is much more demanding that attending a seven-hour deposition. In addition, Ms. Alise has routinely retained nurses and nannies to care for her children, utilizing her vast financial resources, and Alise has worked in demanding positions as the CEO of Sandlot and with several other companies despite having her children. Thus, Ms. Alise's children are not a legitimate excuse for her to fail to attend her deposition.

In your letter, you also offer as an "alternative" to Ms. Alise not attending her June 26th deposition that I agree to an "extension of the fact discovery schedule for three months". But, Ms. Alise's recalcitrant noncompliance with the requirement that she attend her deposition is not a justification for you to seek such an accommodation from me. Even if fact discovery were extended, I have no assurance whatsoever that Ms. Alise would in fact attend her deposition on the July 15, 22, or 29 dates that you now propose, given that Ms. Alise previously scheduled her deposition for June 26th but is not planning to attend. Furthermore, if Ms. Alise is able to attend her deposition on July 15th as you propose, then only a three week extension of the discovery cutoff date would be necessary and not the three *month* extension that you seek.

Moreover, Judge Darrah has clearly ordered that fact discovery closes on June 28, 2013. Tucker has already informed Judge Darrah in Tucker's June 17th Response to McDonald Hopkins' Motion to Extend the Discovery Cutoff Date that Tucker did not object to a one-month extension of the discovery cutoff. Despite Tucker's agreement, Judge Darrah nevertheless denied the Motion. Moreover, an extension is only needed because of the improper tactics of delay and obstruction of discovery utilized by Alise's counsel, which result in only Tucker *providing* discovery and Alise *thwarting* all discovery sought by Tucker. This conduct shows no signs of ceasing, and Tucker should not be subjected to the burden and expense that Tucker would incur in the extended period. If Alise wants to extend fact

 THE TUCKER FIRM

June 23, 2013
Page 3

discovery, then Alise can file a motion seeking this relief from Judge Darrah, and Tucker will
reiterate her position in response to the motion.


Best Regards,

Debra Tucker


Cc: Mr. Richard Kessler
Mr. Joseph Jacobi



A business advisory and advocacy law firm®
Direct Dial: 312.642.4168
E-mail: pberk@mcdonaldhopkins.com

McDonald Hopkins LLC
300 North LaSalle Street
Suite 2100
Chicago, IL 60654

P 1.312.280.0111
F 1.312.280.8232

June 25, 2013

**VIA ELECTRONIC MAIL**
Ms. Debra Tucker
The Tucker Firm LLC
1723 North Halsted Street
Chicago, IL 60614

Re:     *The Tucker Firm v. Alise,* Case No. 11 C 1089

Dear Ms. Tucker:

We are in receipt of your letter sent on Sunday, June 23, 2013. Be advised that we disagree with the statements in your letter.

For the reasons stated previously. Ms. Alise will not, and cannot, be in Chicago on June 26 and therefore her deposition will not proceed. We attempted to offer accommodations, which you have now rejected.

Your proposal of only a one month extension is not practical given the various motions pending in this case. Our proposal of three months is still aggressive, but attempts to provide the parties with time to have the motions resolved, documents produced, and depositions taken. If you choose not to attempt to resolve the issues in an amicable manner, we can do nothing more.

With respect to your statements in various letters regarding discovery and how it has proceeded, we disagree with your assertions, and reserve the right to respond if and when it becomes necessary.

Sincerely,

Peter T. Berk

cc:  Richard Kessler